UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


| | | |
|---|---|---|
| BARTHINE NOEL and | ) | |
| ARNOLD NOEL | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 12-11303-DPW |
| | ) | |
| JEAN STENIO LOUIS, ET AL, | ) | |
| | ) | |
| Defendants. | ) | |

-------------------------------------------------------------

| | | |
|---|---|---|
| BARTHE ROMELUS, BARTHINE | ) | |
| NOEL and ARNOLD NOEL | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 12-12095-DPW |
| | ) | |
| | ) | |
| ST. ELIZABETH'S MEDICAL | ) | |
| CENTER, ET AL | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER
September 30, 2013

The claims in these two lawsuits, brought by *pro se* litigants, concern disturbing allegations of misconduct in connection with proceedings that have been, and perhaps still are being, conducted in the Massachusetts state courts regarding end-of-life matters for Clarizilia Fleurimond.  Ms. Fleurimond was the mother of plaintiffs Barthe Romelus and Barthine Noel and the mother-in-law of plaintiff Arnold Noel.  Federal courts, however,

are bound by the limits of their jurisdiction and do not provide
the proper venue in which to pursue such claims.  As a
consequence, I will direct the Clerk to dismiss both cases for
failure to state a claim on which this court may grant relief.

In order to bring the claims plaintiffs seek to pursue
within the limits of federal court jurisdiction, there must
either be a question of federal law, 28 U.S.C. § 1331, or
complete diversity of citizenship between plaintiffs and
defendants, 28 U.S.C. § 1332.  *See Rodriquez* v. *SK&F Co.*, 833
F.2d 8 (1st Cir. 1987) (per curiam).  The plaintiffs fail to
present a viable federal question upon which relief can be
granted.  Moreover, there is no diversity jurisdiction because
all parties (with the exception of NMS Labs in Civil Action No.
12-12095) seem to be Massachusetts citizens and consequently lack
complete diversity is lacking.  I have afforded Plaintiffs in
both of these cases the opportunity to demonstrate how this court
has authority to consider their claims.  They have not done so.[1]

---

[1] In Civil Action 12-11303, I permitted Plaintiffs to file
an amended complaint.  I find, that even as amended, their
complaint does not remedy the identified deficiencies.
Thereafter, at a Scheduling Conference in Civil Action No. 12-
12095, I declined Plaintiffs' oral motion to amend their
complaint in that action.  I did so in order to avoid the expense
and delay of another round of motion practice of the type which
was demonstrably unhelpful to the plaintiffs in Civil Action No.
12-11303.  Instead, I directed them to file an explanatory
submission outlining their case in light of the concerns I
expressed.  Plaintiffs have not made any such submission despite
the passage of a substantial period of time within which to do
so.

## I. GENERAL THRUST OF PLAINTIFFS' CLAIMS

Plaintiffs are fundamentally dissatisfied with the treatment they have received in state court and view those proceedings as unfairly conducted.  They do not consider their views to have been adequately heard and considered and they view the several defendants to have been part of a larger conspiracy against them. They are suspicious and resentful about the procedures by which their disputes are resolved.

As pro se litigants, the plaintiffs appear not fully familiar with the limits inherent in the federal judicial process as a result of our system of federalism.  Given that lack of familiarity, suspicion and quickly ignited resentment were evident at the hearing on November 14, 2012 in Civil Action No. 12-12095 where the plaintiff Noel alternately asked for explanations regarding procedures and then objected that such advice was demeaning.  He coupled that approach with ungrounded accusations of lack of proper judicial demeanor when an attempt was made to assure that questions which arose would be presented in an orderly and linear manner.  It is unclear whether, given their suspicions and resentment, the plaintiffs will fully understand the technical legal principles which require me to direct dismissal of these cases in this court.  But I attempt in this Memorandum and Order to explain why generalized

dissatisfaction with state court proceedings, even when framed with the conclusory form of words customarily used to invoke federal jurisdiction, cannot overcome limitations on the authority of the federal court to address their claims.

## II. CIVIL ACTION NO. 12-11303

The amended complaint in Civil Action No. 12-11303 purports by terms to raise federal questions.  However, upon examination, it is apparent that those claims cannot be heard in this court because, among other disabling difficulties, they cannot overcome absolute sovereign and judicial immunity for any of the counts against Defendant Magistrate Owens, acting in his judicial capacity (Counts I, II, III , IV and V), and similarly against Defendant Judge Kaplan (Count VI). *See generally Mireles* v. *Waco*, 502 U.S. 9, (1991).  Such claims cannot satisfy the limited grant of federal jurisdiction through conclusory conspiracy allegations against non-state actors such as private attorneys appearing in state court (Counts III - defendants Guerrier & Associates, Casseus and Mashmasarmi, and Counts VI - all defendants, and VII - "counsels").  *Cf. Estate of Bennett* v. *Wainwright*, 548 F.3d 155, 162 (1st Cir. 2008).

In the absence of some state actor against whom federal civil rights claims may be asserted, no federal question jurisdiction exists on the basis of Plaintiffs' initial or amended complaint.  To be sure, Counts III and IV purport to

assert federal question claims for civil conspiracy and failure to prevent actionable harm, claims which might in certain circumstances not require state action.  *See United Broth of Carpenters & Janitors of Am. Local 610* v. *Scott*, 463 U.S. 825, 840-41 (1983).  However, the Plaintiffs still cannot sustain their claims here because essentially they assert harm to a right they do not have - the issuance of a criminal complaint - *see Victory Distrib., Inc.* v. *Ayer Div. of the District Dep't.*, 755 N.E.2d 273, 278 (Mass. 2001), and the alleged conspiracy does not appear to have been motivated by some actionably suspect animus. Count VII, for fraud on the court, is not a recognized federal claim.  As a potential state law claim for fraud, it fails as a grounds for federal jurisdiction - along with any other state law claims that might be implicit in the several counts - because the parties do not have complete diversity of citizenship and supplemental jurisdiction is not appropriate, particularly when there is plainly no federal question at the outset.  For its part, Count VIII seeks to have this court enter an injunction without jurisdiction to do so.

### III. CIVIL ACTION NO. 12-12095

In Civil Action No. 12-12095, I find the asserted federal question claims - Count V for violation of federal health privacy law by defendants St. Elizabeth's Medical Center, Devardo and Sanders; and Count XVII for federal civil rights violations based

on of Equal Protection and Breach of Fiduciary Duty against
defendant Lamb - do not invoke any legal principles upon which
federal relief can be provided.

The Health Insurance Portability and Accountability Act
("HIPAA", not "HIPPA", as identified by plaintiffs) provides no
private right of action through which the Plaintiffs can pursue
claims. *See Miller* v. *Nichols*, 586 F.3d 53, 59-60 (1st Cir.
2009). The allegations against Defendant Lamb fail to state a
claim because there is no showing of any failure, on some
actionably suspect basis, to treat similarly situated persons
similarly, and because a law enforcement officer's duties cannot
be characterized as fiduciary in character. *See generally Town
of Castle Rock* v. *Gonzales*, 545 U.S. 748, 768 (2005).

The remaining state claims,[2] which do not by terms or in

---

[2] These claims, somewhat anomalously numbered, include:
Count I, Negligence [medical malpractice] against defendant
Bonnet;
    Count II, Lack of Consent and Battery against defendants
Osman, Moorthy, Resteghini and Devardo;
    Count III, Intentional Infliction of Emotional Distress,
Breach of Fiduciary Duty, and Violation of the Civil Right [sic]
of Arnold Noel against defendant St. Elizabeth's Medical Center,
Devardo and Harvey;
    Count VI [sic, presumably IV since this is the fourth count
in order and there is another Count VI in proper sequence],
Forgery and Intentional Misreprestation [sic] and Deciet [sic]
against defendants Louis, Fleurissaint and Sanders;
    Count VI Joint and Several Liability, Breach of Fiduciary
Duty Negligence and Negligence per se [essentially medical
malpractice] against defendants Brigham & Women's Hospital,
Asnani, Morrow and Menza;
    Count VII, Loss of Consortium against defendants Brigham &
Women's Hospital, Morrow and Asnani;

substance raise a federal question, fail for lack of diversity because Plaintiffs and Defendants are citizens of Massachusetts. I decline to exercise supplemental jurisdiction in this matter. These claims belong in state court, if they are viable at all.

## IV. GENERAL LIMITATIONS ON FEDERAL COURT JURISDICTION TO REVIEW STATE PROCEEDINGS

At their substantive core, these cases come to federal court seeking to challenge state proceedings concerning care for a family member during her last days and the disposition of her assets and remains after her passing.  These traditionally state law disputes have been the subject of extensive state court proceedings and it is through state court process that the disputes must be resolved.

---

Count VIII, Intentional Inference [sic] and Intentional Infliction of Emotional Distress against defendants The Office of Chief Exainers [sic], Faherty, Guerrier & Associations, Guerrier, Casseus and Mashmasarmi;

Count IX, Breach of Contract against defendants Guerrier & Associates, Guerrier, Casseus and Mashmasarmi;

Count XII, Conversion against defendants Guerrier & Associates, Guerrier, Casseus and Mashmasarmi;

Count XIII Aquitable [sic] Accounting against defendants Guerrier & Associates, Guerrier, Casseus, Mashmasarmi and Louis;

[No Count XIV is asserted at this point.]

Count XV, Defamation and Slander against defendant Louis

Count XVI, Dishonest Assistance and Civil Conspiracy 93A Deceptive Trade Practice against defendants, Guerrier, Casseus, Mashmasarmi, Officice Chief Examieners Offices [sic], Faherty, Sanders and Fleurissaint; and

Count XVII [the first of two counts denominated XVII], Breach of Fiduciary Duty and Negligent Handling of Body of Clairsilia Fleumond against defendants Office of the Chief Medical Examiers [sic], Louis, Guerrier and Faherty.

While certain of the state proceedings are apparently still ongoing, it also appears that the Plaintiffs have not fully pursued their appellate and review rights regarding claims they have made.  Failure to pursue state appellate review or other state procedural opportunities does not open the doors of the federal courts as an alternative forum to press those state claims.  Fundamental questions regarding the allocation of judicial authority between the federal and state courts, not developed by the parties, would separately counsel dismissal of these cases altogether even if the lack of both federal question and diversity jurisdiction discussed in Sections II and III, *supra*, were not sufficient to do so.

The Supreme Court in *Moore* v. *Sims*, 442 U.S. 415 (1977) made clear that a federal court should abstain and dismiss a claim when, as here, a plaintiff mounts a collateral challenge to state proceedings in which important family interests are being litigated.  I am satisfied that the state family law issues at issue here were and are the province of the state courts to adjudicate.  All the various claims that the Plaintiffs seek to reframe in these proceedings were or could have been litigated in the state court.  They may not be reprised in this court on the basis that the Plaintiffs are unsatisfied with, or unwilling to pursue opportunities for, further state court review.  *See generally Chapman* v. *Oklahoma*, 472 F.3d 747 (10th Cir. 2006);

-8-

*Liedel* v. *Juvenile Court of Madison County,* 891 F.2d 1542 (11th Cir. 1990).  To the degree the state procedures are ongoing, I would abstain and dismiss even if Plaintiffs had adequately pled - which they have not been able to do to date and show no prospect of doing so in the future - federal court jurisdiction. To the degree that any of the state court proceedings have reached finality, this court has no "jurisdiction over a challenge to a state court judgment to which the challenger was a party."  *Miller*, 586 F.3d at 59.

V.

For these reasons, the several motions to dismiss of the Defendants will be ALLOWED and the Clerk is directed to dismiss these two complaints.

**/s/ Douglas P. Woodlock**
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE